STATE OF NEW JERSEY, PLAINTIFF, v. MICHAEL BRESCIA, DEFENDANT.

Bergen County Court
Law Division

Decided July 25, 1952.

Mr. *William A. Fasolo,* attorney for Borough of New Milford.

Mr. *William McNulty,* attorney for the defendant.

VANDERWART, J. C. C.   An appeal was taken by the defendant, Michael Brescia, to the Bergen County Court following his conviction and sentence in the Magistrate's Court of the Borough of New Milford.   The trial was *de novo* under the rules.

The complaint charges the defendant with violation, on April 12, 1952, and other dates, of *N. J. S.* 2A:170–67 in that he erected a barrier on the public roadway and municipal street without first having obtained the permission to do so from the Mayor and Council of the Borough of New Milford.

After the opening of the State's case defendant made a motion to dismiss on the ground that plaintiff had failed to prove that the ground in question was a public road.   Decision was reserved on the motion and at the end of the defendant's case there was a motion for a judgment of dismissal on a similar ground.

From the testimony adduced it appears that the defendant erected a barrier on defendant's own land.   No permission was obtained from the Borough of New Milford and it was stipulated that defendant was under the impression that the property barricaded belonged to him.

The borough contends that permission to erect the barrier should have been secured from the mayor and council because the barrier prevents the use of the land as a public highway. The borough contends the land is a public street because of its user by the public over a long period of time. It is to be noted that the land in question is a small portion of the property belonging to the defendant and in one corner thereof. In fact, the land, the use of which is prevented by the barrier, is in reality a cut-off between two other mapped borough streets.

It is my conclusion that decision in this case should be in favor of the defendant for the reason that the Borough has failed to establish beyond a reasonable doubt that the land in question is a public highway, established by prescription and user. The testimony offered by the plaintiff shows that a policeman and a road worker for the Borough have been using this cut-off for approximately 22 years last past. In the meantime, and about 1939, the property was sold for taxes, and in 1948 there was a foreclosure of the tax title by the municipality. Later the property was sold to the defendant by the borough itself. The resolution to sell to defendant, and the deed, are silent concerning the presence of a public highway crossing the corner of the property, or any other recognition of any municipal rights in the so-called cut-off.

It is my determination that prior to 30 years ago one or more individuals may have used the property as a cut-off. In fact, there was testimony by one such individual—Fred Trench of 168 Cedar Road, New Milford. It may very well be that such individuals have a personal cause of action to restrain this defendant from erecting a barrier and preventing access to the land, but such is a far cry from proof of the fact that the public, and hence the Borough of New Milford, have acquired such rights as to make the land a public highway.

Moreover, it must be borne in mind that the defendant here is charged with being a disorderly person and the borough has sought to punish the defendant for erecting a

barrier on one of its streets without permission. In such a situation there surely is a requirement that the borough prove beyond a reasonable doubt the fact that the land is a public street.

There must, therefore, be a judgment for dismissal, and the conviction of the lower court must be set aside and the fine imposed and paid returned in accordance with the provisions of *Rule* 2:11(*h*) (5).

An order may be presented in accordance with this decision.